# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC. | CASE NO. CV F 10-1202 LJO GSA |
| Plaintiff, | **ORDER FOR ADDITIONAL BRIEFING** |
| v. | |
| WILLIAM PARDINI, and B.T.B. INC., d.b.a. DATA CONSULTANTS, | |
| Defendants. | |
| _____/ | |

This Court has read and reviewed the motion to reconsider this Court's June 12, 2010 Temporary Restraining Order ("TRO"), filed on July 17, 2010. Defendants William Pardini ("Mr. Pardini"), and B.T.B., Inc., d.b.a. Data Consultants ("Data Consultants") (collectively "defendants") move for reconsideration of the TRO, or, in the alternative, to stay a portion of the TRO that defendants claim would permit plaintiff Credit Bureau Connection, Inc. ("CBC") to copy the source code of the software in dispute; namely eF&I Complete.

Defendants' motion for reconsideration is based on the premise that the TRO provides CBC unfettered access to the eF&I Complete source code. This Court disagrees with this premise. This Court found that although defendants successfully disputed ownership of the copyright, CBC established a likelihood of success on its claim that defendants are violating its unlimited implied license to the software and are interfering with CBC's existing and prospective economic relations. The parties' arguments, and the Court's order, related to whether CBC' implied license provided unlimited use of

the software; the parties did not argue, and this Court did not consider, whether CBC had unlimited access to the source code. After balancing the appropriate factors, this Court issued a TRO to: (1) maintain the status quo existing at the time prior to the dispute; (2) allow CBC to service existing clients; (3) allow CBC to create new eF&I Complete clients; and (4) prevent defendants from interfering with CBC's ability to service existing clients and establish new clients.

CBC neither requested access to the eF&I Complete source code nor argued that it required access to the source code to maintain the status quo. Rather, as provided in the mandatory section of the TRO, this Court ordered defendants to:

> Revise the source code on the CBC Support Tool software program to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I Complete customers.

TRO, p. 22. This provision contemplated that defendants only would have access to the source code and would revise the source code to allow CBC the ability to set up new customers. No provision of the mandatory TRO requires defendants to provide CBC access to the eF&I Complete source code.

Defendants specifically challenge the following provisions of the prohibitive TRO:

> 3.   ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, from engaging in, committing or performing the following acts:
> a.   Restricting CBC's access to, or interfering in CBC's ability to use any portion of the eF&I Complete software;
> b   Changing the User ID or Password for the Master User Account Access on the hosting account used to access the administrative account;
> c.   Changing the User IDs or Passwords used to access either the eF&I Complete live application server or the live database server;
> d.   Changing the User IDs or Passwords used to access the administrative account functions at Rackspace;
> e.   Changing the User IDs or Passwords used to access the eF&I Complete backup servers;

TRO, p. 21. With respect to sections 3(b)-(e), defendants' memorandum and Mr. Pardini's declaration set forth apparently contradictory positions. On the one hand, defendants argue that CBC never had access to the User Ids and Passwords that this Court prohibited defendants from changing in the TRO. On the other hand, defendants argue that the prohibitive TRO grants CBC access to the source code and allows CBC to access, alter, and appropriate the source code for its own use. An order to prohibit changing the User Ids or Passwords to accounts that CBC never had access does not grant CBC access

to those accounts.

## **ORDER**

Based on the foregoing considerations, this Court ORDERS defendants, **no later than July 21, 2010,** to:

(1) filed and serve supplemental briefing to explain how the TRO grants CBC access to the source code; and

(2) submit a proposed TRO that revises the current TRO to make clear that CBC has no right to access, copy, alter, or appropriate the eF&I Complete source code.

**All other deadlines remain, including the July 23, 2010 deadline to show cause why this Court should not issue a preliminary injunction.**

IT IS SO ORDERED.

**Dated:   July 19, 2010**                               /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE