IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC. | CASE NO. CV F 10-1202 LJO GSA |
|         Plaintiff, | **SANCTIONS ORDER** |
|   v. | |
| WILLIAM PARDINI, and B.T.B. INC., d.b.a. DATA CONSULTANTS, | |
|         Defendants. / | |

### INTRODUCTION

This Court issued an order to show cause why sanctions should not be imposed against defendants William Pardini ("Mr. Pardini") and B.T.B., Inc., d/b/a/ Data Consultants ("Data Consultants") (collectively "defendants") for failure to comply with this Court's temporary restraining order ("TRO"). Having considered defendants' response, this Court finds that defendants' violated this Court's TRO without cause and SETS a sanctions hearing to determine appropriate sanctions on **Monday, August 30, 2010 at 9 a.m. in Courtroom 4 (LJO)**.

### BACKGROUND

### TRO

On July 2, 2010, plaintiff Credit Bureau Connection, Inc. ("CBC"), a corporation in which Mr. Pardini is a 40% shareholder, sought mandatory and prohibitory injunctive relief against defendants based on allegations that defendants are misappropriating and infringing on its proprietary software,

1  eF&I Complete. In the TRO motion, CBC sought an order to enjoin defendants from, *inter alia*,
2  restricting CBC's access to, or interfering in CBC's ability to use, eF&I Complete. The Court ordered
3  defendants to respond to plaintiffs' motion no later than three court days after receiving the motion and
4  complaint. Defendants opposed the motion, and submitted evidence in support of the opposition. CBC
5  filed a reply on July 11, 2010, which this Court considered.

6  After considering the parties' positions on CBC's copyright, interference with economic
7  relations, and unfair competition claims, this Court found that:

8      1.    CBC failed to establish a likelihood of success on its claims of ownership of eF&I
9          Complete, but did establish that it is likely to succeed on its claim that defendants are
10         violating its unlimited, non-exclusive, and irrevocable license to use the software.
11         Moreover, CBC establish a likelihood of success that defendants are interfering with
12         existing and prospective economic relations; and
13     2.    CBC established that it may suffer irreparable harm absent an injunction for loss of good
14         will and market share for the eF&I Complete software.

15 Based on, *inter alia*, these findings, this Court ordered as follows:

16     For the foregoing reasons, this Court:

17         1.    GRANTS CBC's motion for a temporary restraining order;
        2.    ORDERS CBC to file a bond with the clerk of this Court in the amount
18 of $10,000. The temporary restraining order outlined below shall not be effective until
CBC has filed a bond in the above-specified amount with this Court;
19         3.    ENJOINS defendants, including Mr. Pardini, Data Consultants, their
agents, servants, employees, representatives, and all persons acting in concert or
20 participating with them, from engaging in, committing or performing the following acts:
        a.    Restricting CBC's access to, or interfering in CBC's ability to use
21 any portion of the eF&I Complete software;
        b    Changing the User ID or Password for the Master User Account
22 Access on the hosting account used to access the administrative account;
        c.    Changing the User IDs or Passwords used to access either the
23 eF&I Complete live application server or the live database server;
        d.    Changing the User IDs or Passwords used to access the
24 administrative account functions at Rackspace;
        e.    Changing the User IDs or Passwords used to access the eF&I
25 Complete backup servers;
        f.    Changing the Internet Protocol ("IP") Address where the domain
26 name serve is currently pointing;
        g.    Changing any of the eF&I Complete source code, except that they
27 may make minor changes to the source code as necessary to fix an error that causes
material harm to customers;
28         h.    Deleting anything from the live database or application server;

           i.      Further unlawful interference with any existing contracts between CBC and its customers; and

           j.      Making representations to CBC's existing or potential customers that CBC does not have use rights to eF&I Complete;

4. ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, within five days of the date the bond is filed with this Court, to:

           a.      Provide CBC access to all eF&I Complete functionalities of the CBC demo user account; and

           b.      Revise the source code on the CBC Support Tool software program to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I Complete customers;

5. ORDERS this restraining order to remain effective for fourteen (14) days after the date the order is issued.

CBC posted a $10,000 bond with the clerk of this court on June 13, 2010 to comply with the June 12, 2010 order. The TRO was to remain in effect for 14 days.

### **Defendants' Motion for Reconsideration**

Defendants moved for reconsideration of the TRO on July 17, 2010. Defendants' reconsideration was focused almost exclusively on their position that the TRO inappropriately gave CBC access to the eF&I Complete source code. Defendants asserted that CBC never had access to the source code or the requested User IDs and passwords at issue in the TRO, and to require defendants to provide that information would cause defendants irreparable harm.

This Court ordered defendants to provide additional briefing to explain how the terms of the TRO allowed CBC access to the source code, to address specific concerns about the provisions of the TRO, and to propose specific changes to the TRO. In response, defendants request that items 3(b)-(e), (g), and (j) be removed from the TRO and items 3(a) and (f); and 4(b) be modified. In addition, defendants requested this Court to include the following terms:

1. Order Plaintiff to state whether or not they have made copies of the source code for eF&I Complete, and if they have made such copies, to inform the court how many copies were made and the identifies of all persons who have had access to those copies.

2. Order Plaintiffs not to interfere with any existing contracts between Data Consultants and its customers, and Plaintiffs are not to represent that they are Data Consultants employees.

### **Mediation**

1  This Court found good cause to suggest mediation between the parties to discuss the terms of
2  the preliminary injunction. On July 27, 2010, the parties appeared at a mediation before United States
3  Magistrate Judge Dennis L. Beck. The next day, the parties indicated to this Court that an agreement
4  regarding the terms of the preliminary injunction had been reached, and that they were working towards
5  finalizing that agreement. On the basis of good cause, this Court extended the TRO through July 30,
6  2010, and ordered the parties to file a written agreement with this Court no later than July 30, 2010.
7  This Court admonished the parties that if no written agreement was filed with this Court on or before
8  July 30, 2010, this Court would rule on the pending matters without a hearing. In addition, this Court
9  admonished defendants that this Court "may issue an order to show cause why this Court should not
10 impose sanctions for defendants' failure to comply with this Court's TRO." No agreement was filed,
11 and both parties agreed that the tentative agreement broke down on Friday, July 30, 2010.

## August 2, 2010 Order

13  On August 2, 2010, this Court issued an order to deny defendants' motion for reconsideration;
14 order defendants' to show cause why this Court should not impose sanctions for failing to comply with
15 the July 12, 2010 TRO; and issue a preliminary injunction.

16  In denying the motion for reconsideration, the Court found:

> that defendants failed to show good cause why the new arguments and evidence were not raised in its opposition. Defendants' arguments fail to meet the reconsideration standards set forth above. Defendants reconsideration motion amounts to a disagreement with this Court's order based on evidence and arguments defendants failed to submit to this Court in opposition. Defendants' reconsideration motion fails to meet the well-settled reconsideration standards. *See, e.g., Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, this Court denies defendants' reconsideration motion.
>     The Court denies defendants' reconsideration motion on the alternative grounds that the motion is moot. The TRO is no longer in effect, as it expired on July 30, 2010. Because the TRO is no longer enforceable against defendants, defendants' motion to reconsider the TRO is moot.

The order to show cause was based on the following:

> The TRO was issued on July 12, 2010. The TRO was to take effect after CBC filed a bond with the clerk of this Court, and was set to expire 14 days after the date of filing. The TRO expired on July, 26, 2010, but the Court extended the TRO from July 28, 2010 through July 30, 2010.
>     CBC has indicated in its documents that defendants have failed to comply with both the prohibitive and mandatory provisions of the TRO. In their documents, defendants have left these accusations unaddressed. Nevertheless, defendants' arguments and requests indicate that defendants have not complied with the TRO. Although defendants filed a reconsideration motion, defendants failed to file a motion to stay

4

enforcement of the TRO. Accordingly, the TRO was in effect during the dates set forth above.

In its August 2, 2010 order, this Court further ordered a preliminary injunction. The preliminary injunction differed from the TRO in a number of ways. The preliminary injunction is as follows:

Having considered the parties' arguments, exhibits, and requests, this Court:
1. ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, from engaging in, committing or performing the following acts:
   a. Restricting CBC's access to, or interfering in CBC's ability to use any portion of the eF&I Complete software, except that CBC, its agents, servants, representative, and all persons acting in concert or participating with them, are prohibited from accessing, copying, appropriating, or distributing, or using the source code to that software;
   b. Restricting CBC's access to its customer lists that are located on any serves or administrative accounts;
   c. Changing any of the eF&I Complete source code, except that they may make minor changes to the source code as necessary to fix an error that causes material harm to customers, and may modify the source code as necessary to service existing and new customers of CBC and Data Consultants;
   d. Deleting anything from the live database or application server; and
   e. Making representations to CBC's existing or potential customers that CBC does not have use rights to eF&I Complete;
2. ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, to:
   a. Provide CBC access to all eF&I Complete functionalities of the CBC demo user account;
   b. Revise the source code on the CBC Support Tool software program to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I Complete customers;
   c. Continue to provide service to CBC's existing clients; and
   d. Provide customer service to CBC's new customers, if any, provided that CBC pays a 20% servicing fee.
3. ORDERS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, and plaintiff CBC, its agents, servants, representative, and all persons acting in concert or participating with it, as follows:
   a. CBC and Data Consultants must maintain reciprocal noninterference in the use and marketing of eF&I Complete;
   b. Neither party shall utilize the customers database information to solicit unfairly the others' customers in accordance with California law; and
   c. Neither party shall take steps to change the access credentials to the hosting service at The Planet or change the IP address of the domain name servers that points to where the eF&I software resides.

#### STANDARDS OF REVIEW

In defendants' response to this Court's show cause order, defendants set forth four pages of legal standards regarding civil contempt. Although this Court will not consider CBC's memorandum in support of this Court's order to show cause, this Court notes that CBC's memorandum also relied on civil contempt law. The Court is puzzled by the parties' reliance and focus on civil contempt law and standards. This Court understands well its powers related to civil contempt. Any order to show cause related to contempt would have been clear; however, in its two orders, this Court never mentioned civil contempt. The Court's order to show cause regarding sanctions is related to this Court's inherent powers to issue sanctions, not civil contempt.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose...submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pursuant to Local Rule 110, "[f]ailure of counsel or a party to comply...with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "The imposition of sanctions ... transcends a court's equitable power concerning relations between the parties and reaches *a court's inherent power to police itself*, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's [misbehavior]." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting *Chambers*, 501 U.S. at 46). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. However, a primary aspect of the Court's discretion is the ability to fashion and appropriate sanction for conduct which abuses the judicial process. *Id*. A party's failure to abide by this Court's order abuses the judicial process. *See, Chambers*, 501 U.S. at 57 ("As long as a party receives an appropriate hearing...the party may be sanctions for abuses of process occurring beyond the courtroom, such as disobeying the court's orders."); *see also*, Local Rule 110.

#### DISCUSSION

In their response, defendants do not submit that they complied with the TRO. Instead, defendants argue that because they filed a motion for reconsideration and request for stay, they had a "good faith belief" that the TRO was stayed.

6

1  Defendants' response addresses only paragraph 4 of the TRO; namely, the mandatory provisions
2  of the TRO that required defendants to (a) provide CBC access to all eF&I Complete functionalities of
3  the CBC demo user account; and (b) revise the source code on the CBC Support Tool software program
4  to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I
5  Complete customers.  Defendants argue that the TRO was "limited in scope," and CBC's failure to
6  comply with the TRO is limited to the provisions of paragraph 4 of the TRO.  Defendants claim that
7  CBC's "only complaint" relates to defendants' failure to provide CBC with access to the demo user
8  accounts and that Data Consultants had not revised the source code to allow CBC to set up new eF&I
9  Complete customers.  Pursuant to the TRO, paragraph 4 was to become effective five days after CBC
10 posted the $10,000 bond with this Court.  Accordingly, defendants were required to comply with
11 paragraph 4 no later than July 19, 2010.

12 Defendants argue that because they filed their motion for reconsideration and request for stay on
13 July 17, 2010, two days before the mandatory provisions of the TRO were to take effect, they had a good
14 faith belief that the TRO was stayed after the filing of the motion for reconsideration.  To support their
15 good faith belief that the TRO was stayed, defendants point out that there "was no mention in the order"
16 for additional briefing, issued by this Court on July 19, 2010, "saying that the TRO was in effect."

17 Defendants' position that they had a good faith belief that the TRO was stayed is inaccurate
18 under the law, disingenuous, and irrational.  "Absent a stay, all orders and judgments of courts must be
19 complied with promptly." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983).  The act of filing
20 the motion for reconsideration does not stay automatically the TRO.  Under well-settled law, a court's
21 order is not stayed absent a further court order.  Defendants' argument that this Court's July 19, 2010
22 order for additional briefing did not "mention" that the TRO was in effect is inapposite.  A court need
23 not "mention" that its order is in effect in a subsequent order.  Because the Court did not issue an order
24 to stay the TRO, the TRO was not stayed.  The Court was not required to "mention" that its previous
25 order remained in effect.

26 Moreover, defendants did not move to stay this Court's order.  Defendants' "request to stay" the
27 TRO was limited to the mention of a request to stay in the title of their motion for reconsideration.  In
28 the motion for reconsideration memorandum, however, defendants set forth no law or argument related

7

to a stay of the TRO. Defendants filed no argument or law to support a stay on the record, and failed to carry their burden to establish why a stay was appropriate under the law and facts of this case. Because defendants' memorandum related only to reconsideration, and failed to present legal authority or argument related to the request, this Court considered defendants' motion to be limited to reconsideration. This Court previously noted in a Court order that defendants failed to request a stay. The Court does not consider the inclusion of a request in the title of a motion to be a properly noticed motion to stay a court order. Defendants must move for a stay of a court order by appropriate motion, supported by points and authorities, and in accordance with this Court's local rules. Defendants' failure to move for a stay of the TRO casts a particular shadow upon their purported "good faith belief" that the TRO was stayed.

Additionally, defendants' exclusive focus on paragraph 4 is disingenuous. Defendants argue that CBC's "sole complaint" relates to paragraph 4, and that their motion for reconsideration was filed prior to the date that paragraph 4 went into effect. Defendants ignore that the provisions of paragraph 3–the prohibitive provisions of the TRO–went into effect on July 12, 2010, the date the TRO was filed. Defendants further ignore that their July 17, 2010 motion for reconsideration focused almost entirely on paragraph 3(a). In the motion for reconsideration, and the response to this Court's order for additional briefing, defendants argued that paragraph 3(a) of the TRO gave CBC unfettered access to the eF&I Complete source code. Defendants' reconsideration motion focused almost exclusively on the source code issue. Defendants do not address compliance with paragraph 3 in their response, and do not deny CBC's multiple allegations that defendants failed to comply with paragraph 3. In the declarations of Darrin Larsen ("Mr. Larsen") of CBC, Mr. Larsen repeatedly alleged that defendants continued to restrict CBC's access to the eF&I Complete software, in defiance of section 3(a) of the TRO. Mr. Pardini's declarations, filed after the TRO went into effect, also admit that he and Data Consultants continued to restrict access to the software during the time the TRO was in effect.

For the foregoing reasons, this Court finds that defendants have failed to comply with this Court's TRO. This Court shall set a hearing to determine appropriate sanctions to be imposed.

///

///

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court finds that defendants' have failed to comply with this Court's TRO. This Court SETS a sanctions hearing to be held on Monday, **August 30, 2010 at 9:00 a.m. in Courtroom 4 (LJO)** to determine appropriate sanctions. It is CBC's choice whether or not to appear for the sanctions hearing against the defendants.

IT IS SO ORDERED.

**Dated:   August 13, 2010**                           /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE