IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC. | CASE NO. CV F 10-1202 LJO GSA |
| Plaintiff, | **SANCTIONS ORDER** |
| v. | |
| WILLIAM PARDINI, and B.T.B. INC., d.b.a. DATA CONSULTANTS, | |
| Defendants. / | |

### INTRODUCTION

This Court conducted an August 30, 2010 hearing on sanctions pursuant to this Court's August 13, 2010 sanctions order, in which this Court found that defendants William Pardini ("Mr. Pardini") and B.T.B., Inc., d/b/a/ Data Consultants ("Data Consultants") (collectively "defendants") failed to comply with this Court's temporary restraining order ("TRO"). Defendants appeared by counsel Jan Lawrence Zegarac, Esq., David Alan Makman, and Randall Mark Penner. Plaintiff Credit Bureau Connection, Inc. ("CBC") appeared by counsel Kristi Weiler Dean. Having considered defendants' arguments, this Court issues the following order.

### BACKGROUND

#### TRO

On July 2, 2010, CBC, a corporation in which Mr. Pardini is a 40% shareholder, sought mandatory and prohibitory injunctive relief against defendants based on allegations that defendants are

misappropriating and infringing on its proprietary software, eF&I Complete. In the TRO motion, CBC sought an order to enjoin defendants from, *inter alia*, restricting CBC's access to, or interfering in CBC's ability to use, eF&I Complete. The Court ordered defendants to respond to CBC's motion no later than three court days after receiving the motion and complaint. Defendants opposed the motion, and submitted evidence in support of the opposition. CBC filed a reply on July 11, 2010, which this Court considered.

After considering the parties' positions on CBC's copyright, interference with economic relations, and unfair competition claims, this Court found that:

1. CBC failed to establish a likelihood of success on its claims of ownership of eF&I Complete, but did establish that it is likely to succeed on its claim that defendants are violating its unlimited, non-exclusive, and irrevocable license to use the software. Moreover, CBC establish a likelihood of success that defendants are interfering with existing and prospective economic relations; and

2. CBC established that it may suffer irreparable harm absent an injunction for loss of good will and market share for the eF&I Complete software.

Based on, *inter alia*, these findings, this Court ordered as follows:

For the foregoing reasons, this Court:

    1.    GRANTS CBC's motion for a temporary restraining order;
    2.    ORDERS CBC to file a bond with the clerk of this Court in the amount of $10,000. The temporary restraining order outlined below shall not be effective until CBC has filed a bond in the above-specified amount with this Court;
    3.    ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, from engaging in, committing or performing the following acts:
        a.    Restricting CBC's access to, or interfering in CBC's ability to use any portion of the eF&I Complete software;
        b    Changing the User ID or Password for the Master User Account Access on the hosting account used to access the administrative account;
        c.    Changing the User IDs or Passwords used to access either the eF&I Complete live application server or the live database server;
        d.    Changing the User IDs or Passwords used to access the administrative account functions at Rackspace;
        e.    Changing the User IDs or Passwords used to access the eF&I Complete backup servers;
        f.    Changing the Internet Protocol ("IP") Address where the domain name serve is currently pointing;
        g.    Changing any of the eF&I Complete source code, except that they may make minor changes to the source code as necessary to fix an error that causes

material harm to customers;
      h.    Deleting anything from the live database or application server;
      i.    Further unlawful interference with any existing contracts between CBC and its customers; and
      j.    Making representations to CBC's existing or potential customers that CBC does not have use rights to eF&I Complete;
    4.    ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, within five days of the date the bond is filed with this Court, to:
      a.    Provide CBC access to all eF&I Complete functionalities of the CBC demo user account; and
      b.    Revise the source code on the CBC Support Tool software program to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I Complete customers;
    5.    ORDERS this restraining order to remain effective for fourteen (14) days after the date the order is issued.

CBC posted a $10,000 bond with the clerk of this court on June 13, 2010 to comply with the June 12, 2010 order. The TRO was to remain in effect for 14 days.

## Defendants' Motion for Reconsideration

Defendants moved for reconsideration of the TRO on July 17, 2010. Defendants' reconsideration was focused almost exclusively on their position that the TRO inappropriately gave CBC access to the eF&I Complete source code. Defendants asserted that CBC never had access to the source code or the requested User IDs and passwords at issue in the TRO, and to require defendants to provide that information would cause defendants irreparable harm.

This Court ordered defendants to provide additional briefing to explain how the terms of the TRO allowed CBC access to the source code, to address specific concerns about the provisions of the TRO, and to propose specific changes to the TRO. In response, defendants request that items 3(b)-(e), (g), and (j) be removed from the TRO and items 3(a) and (f); and 4(b) be modified. In addition, defendants requested this Court to include the following terms:

1. Order Plaintiff to state whether or not they have made copies of the source code for eF&I Complete, and if they have made such copies, to inform the court how many copies were made and the identifies of all persons who have had access to those copies.

2. Order Plaintiffs not to interfere with any existing contracts between Data Consultants and its customers, and Plaintiffs are not to represent that they are Data Consultants employees.

3

**Mediation**

This Court found good cause to suggest mediation between the parties to discuss the terms of the preliminary injunction. On July 27, 2010, the parties appeared at a mediation before United States Magistrate Judge Dennis L. Beck. The next day, the parties indicated to this Court that an agreement regarding the terms of the preliminary injunction had been reached, and that they were working towards finalizing that agreement. On the basis of good cause, this Court extended the TRO through July 30, 2010, and ordered the parties to file a written agreement with this Court no later than July 30, 2010. This Court admonished the parties that if no written agreement was filed with this Court on or before July 30, 2010, this Court would rule on the pending matters without a hearing. In addition, this Court admonished defendants that this Court "may issue an order to show cause why this Court should not impose sanctions for defendants' failure to comply with this Court's TRO." No agreement was filed, and both parties agreed that the tentative agreement broke down on Friday, July 30, 2010.

**August 2, 2010 Order**

On August 2, 2010, this Court issued an order to deny defendants' motion for reconsideration; order defendants' to show cause why this Court should not impose sanctions for failing to comply with the July 12, 2010 TRO; and issue a preliminary injunction.

 In denying the motion for reconsideration, the Court found:

> that defendants failed to show good cause why the new arguments and evidence were not raised in its opposition. Defendants' arguments fail to meet the reconsideration standards set forth above. Defendants reconsideration motion amounts to a disagreement with this Court's order based on evidence and arguments defendants failed to submit to this Court in opposition. Defendants' reconsideration motion fails to meet the well-settled reconsideration standards. *See, e.g., Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, this Court denies defendants' reconsideration motion.
> The Court denies defendants' reconsideration motion on the alternative grounds that the motion is moot. The TRO is no longer in effect, as it expired on July 30, 2010. Because the TRO is no longer enforceable against defendants, defendants' motion to reconsider the TRO is moot.

The order to show cause was based on the following:

> The TRO was issued on July 12, 2010. The TRO was to take effect after CBC filed a bond with the clerk of this Court, and was set to expire 14 days after the date of filing. The TRO expired on July, 26, 2010, but the Court extended the TRO from July 28, 2010 through July 30, 2010.
> CBC has indicated in its documents that defendants have failed to comply with

both the prohibitive and mandatory provisions of the TRO.  In their documents, defendants have left these accusations unaddressed. Nevertheless, defendants' arguments and requests indicate that defendants have not complied with the TRO.  Although defendants filed a reconsideration motion, defendants failed to file a motion to stay enforcement of the TRO. Accordingly, the TRO was in effect during the dates set forth above.

In its August 2, 2010 order, this Court further ordered a preliminary injunction.  The preliminary injunction differed from the TRO in a number of ways.  The preliminary injunction is as follows:

> Having considered the parties' arguments, exhibits, and requests, this Court:
> 1. ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, from engaging in, committing or performing the following acts:
>    a. Restricting CBC's access to, or interfering in CBC's ability to use any portion of the eF&I Complete software, except that CBC, its agents, servants, representative, and all persons acting in concert or participating with them, are prohibited from accessing, copying, appropriating, or distributing, or using the source code to that software;
>    b. Restricting CBC's access to its customer lists that are located on any serves or administrative accounts;
>    c. Changing any of the eF&I Complete source code, except that they may make minor changes to the source code as necessary to fix an error that causes material harm to customers, and may modify the source code as necessary to service existing and new customers of CBC and Data Consultants;
>    d. Deleting anything from the live database or application server; and
>    e. Making representations to CBC's existing or potential customers that CBC does not have use rights to eF&I Complete;
> 2. ENJOINS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, to:
>    a. Provide CBC access to all eF&I Complete functionalities of the CBC demo user account;
>    b. Revise the source code on the CBC Support Tool software program to restore the access rights for all CBC personnel User Ids to enable CBC the ability to set up new eF&I Complete customers;
>    c. Continue to provide service to CBC's existing clients; and
>    d. Provide customer service to CBC's new customers, if any, provided that CBC pays a 20% servicing fee.
> 3. ORDERS defendants, including Mr. Pardini, Data Consultants, their agents, servants, employees, representatives, and all persons acting in concert or participating with them, and plaintiff CBC, its agents, servants, representative, and all persons acting in concert or participating with it, as follows:
>    a. CBC and Data Consultants must maintain reciprocal noninterference in the use and marketing of eF&I Complete;
>    b. Neither party shall utilize the customers database information to solicit unfairly the others' customers in accordance with California law; and

        c.        Neither party shall take steps to change the access credentials to the hosting service at The Planet or change the IP address of the domain name servers that points to where the eF&I software resides.

### Sanctions Order

On August 13, 2010, this Court issued its sanctions order, finding that defendants had failed to comply with the TRO. This Court noted that defendants did not submit that they complied with the TRO. Instead, defendants argued that because they filed a motion for reconsideration and request for stay, they had a "good faith belief" that the TRO was stayed. This Court found that defendants' "position that they had a good faith belief that the TRO was stayed is inaccurate under the law, disingenuous, and irrational." In addition, the Court found that Mr. Pardini's declarations, filed after the TRO went into effect, admitted that he and Data Consultants continued to restrict access to the software during the time the TRO was in effect to violate the TRO. Based on, inter alia, these reasons, the Court set a hearing to determine appropriate sanctions to be imposed.

### Sanctions Hearing

On August 30, 2010, defendants appeared at the sanctions hearing. Defendants argued that there were two issued related to TRO compliance–source code and passwords. Defendants submitted that they were unaware that they would be responsible to comply with the source code issue, but conceded that they failed to comply fully with the TRO. Defendants argued that they had a "good faith" belief that the filing of the motion for reconsideration tolled the TRO because they found no law on the issue. The Court pointed out, however, that defendants cited no law to support their position that the filing of the motion for reconsideration stayed the TRO, and defendants conceded that the Court filed no order to stay the TRO. Defendants argued that mitigating circumstances justify a lesser amount of sanctions, including defendants' efforts to resolve the action and financial hardship. The Court took the matter under submission.

### STANDARD OF REVIEW

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose...submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pursuant to Local Rule 110, "[f]ailure of counsel or a party to comply...with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within

the inherent power of the Court." "The imposition of sanctions ... transcends a court's equitable power concerning relations between the parties and reaches *a court's inherent power to police itself*, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's [misbehavior]." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting *Chambers*, 501 U.S. at 46). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. However, a primary aspect of the Court's discretion is the ability to fashion and appropriate sanction for conduct which abuses the judicial process. *Id*. A party's failure to abide by this Court's order abuses the judicial process. *See, Chambers*, 501 U.S. at 57 ("As long as a party receives an appropriate hearing...the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders."); *see also*, Local Rule 110.

## DISCUSSION

Defendants failed to comply with this Court's TRO. The act of filing the motion for reconsideration does not stay automatically the TRO. Although defendants argued that they found no law on point, this Court points out the well-settled law that "[a]bsent a stay, all orders and judgments of courts must be complied with promptly." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983), *rev'd on other grounds,* 761 F.2d 1411 (9th Cir. 1985) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). This Court issued no stay order, and defendants' unsupported request to stay was not granted. Defendants had the burden to show "categorically and detail why they were unable to comply with the court's previous order." *Id*. (internal citations omitted). At the hearing, defendants explained that they were given little time to address the issues raised in the TRO and subsequent motions and orders. The Court noticed, however, that the nature of a TRO requires quick responses. In addition, the Court noted that procedures exist to allow defendants additional time, if necessary, to respond, including an ex parte request to allow additional time. Defendants failed to request additional time to oppose the motion. Having considered defendants' arguments, this Court finds that defendants' failure to comply with the TRO was unintentional. Nevertheless, defendants failed to establish why they were "categorically" unable to comply with this Court's TRO. Defendants' "feeling" that the filing of the motion for reconsideration tolled the TRO was legally unjustified.

1  Each case has its history. Defendants' failure to comply with the TRO has become part of this
2  action's history. This Court hopes that defendants' history will not become significant in the future.
3  If this issue does arise in the future, defendants' history will not go unnoticed by this Court.
4  This Court finds that the personal appearance of three attorneys–one from New York City– at
5  the sanctions hearing is sufficient sanction for defendants' unintentional but legally unjustified failure
6  to comply with this Court's TRO; however, the Court admonishes defendants that future non-compliance
7  with a Court order will **not** be treated with the same leniency that this Court demonstrates in this
8  sanctions order.

### ORDER

For the foregoing reasons, this Court ADMONISHES defendants that future non-compliance with a Court order will be cause for further sanctions.

IT IS SO ORDERED.

**Dated:   August 30, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE