1 | KRISTI W. DEAN, ESQ., S.B. #117358
2 |         kdean@srclaw.com
    | LESLIE A. BLOZAN, ESQ., S.B. #081481
3 |         lblozan@srclaw.com
4 | AMY W. LEWIS, ESQ., S.B. #158999
            alewis@srclaw.com
5 | **STONE | ROSENBLATT | CHA**
    | A Professional Law Corporation
6 | 21550 Oxnard Street, Main Plaza – Suite 200
    | Woodland Hills, California 91367
7 | Tel:  (818) 999-2232
    | Fax: (818) 999-2269
8 |

9 | DARRYL J. HOROWITT, ESQ., S.B. #100898
            dhorowitt@ch-law.com
10 | REMA KOLIGIAN, ESQ., S.B. #263918
            rkoligian@ch-law.com
11 |
    | **COLEMAN & HOROWITT, LLP**
12 | Attorneys at Law
    | 499 W. Shaw Ave., Ste. 116
13 | Fresno, California 93704
    | Tel:  (559) 248-4820
14 | Fax: (559) 248-4830

15 |
    | Attorneys for Plaintiff and Cross-Defendant,
16 | CREDIT BUREAU CONNECTION, INC.,
    | a California Corporation, and Cross-Defendant Darin Larsen
17 |
    | DAVID A. MAKMAN, ESQ., S.B. #178195
18 |         david@mackmanlaw.com
19 | **LAW OFFICES OF DAVID MAKMAN**
    | 90 New Montgomery Street, Suite 600
20 | San Francisco, CA 94105
21 | Tel:  (415) 777-8572
    | Fax: (415) 707-5050
22 |

23 | Randall Mark Penner, Esq.
            rmpennercal@aol.com
24 | **PENNER & BRADLEY**
25 | 1171 West Shaw Ave., Ste. 102
    | Fresno, CA 93711
26 | Tel: (559) 221-2100
27 | Fax: (559) 221-2101

28 | Attorneys for Defendants and Counter-Claimants,
    | WILLIAM PARDINI, and B.T.B. INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM PARDINI, an individual; B.T.B., INC., a California Corporation dba DATA CONSULTANTS<br><br>Defendants.<br>_____<br>B.T.B., INC., a California Corporation dba DATA CONSULTANTS,<br><br>Counterclaimant,<br>v.<br>CREDIT BUREAU CONNECTION, INC., a California Corporation, and DARIN LARSEN, an individual,<br><br>Counterdefendants.<br>_____ | Case No.: CV-F-10-1202 LJO-DLB<br><br>*[Complaint filed: 7/1/2010]*<br>*[Assigned for all Purposes to the Honorable Lawrence J. O'Neill, Ctrm. DJ]*<br><br>STIPULATION FOR PROTECTIVE ORDER |

The parties respectfully submit this Stipulation and Proposed Agreed Protective Order ("Protective Order") as follows:

1  Plaintiff Credit Bureau Connection, Inc. ("Plaintiff") initiated the above-styled action ("the Litigation") against Defendants William Pardini and B.T.B., Inc. dba Data Consultants ("Defendants").  Darin Larsen has been added as a counterclaim Defendant ("Larsen").  During the course of the Litigation, it may be necessary for the parties to use and/or disclose certain confidential information, including personal, proprietary, financial, or trade secret information.

Subject to this Court's approval and Order, the parties hereby stipulate to an Agreed Protective Order which sets forth the following:

## I. "DISCOVERY INFORMATION" DEFINED

This Protective Order shall govern all Discovery Information produced or disclosed during this litigation, either by the parties or by non-parties, as follows:  "Discovery Information" is defined as documents, data, electronically stored information ("ESI"), answers to interrogatories, answers to deposition questions, responses to requests for admission, Rule 26 disclosures and such other materials and information as may be provided between the parties and from third persons.

## II. CONFIDENTIAL DISCOVERY INFORMATION

A. A producing party/person may mark and designate as "Confidential" any Discovery Information it produces or discloses which it has determined in good faith consists of or relates to confidential personal, proprietary, financial, or trade secret information.

B. Except with the prior written consent of the party or the person asserting such confidential treatment or the prior Order of a Court, Discovery Information designated "Confidential" and the information contained therein may not be disclosed to any person other than:

 1. The Court and court personnel in which this case is pending;

2. Counsel for the respective parties, provided that they have signed and served a copy of the undertaking attached as Exhibit A to this Stipulation, which, upon Court approval, will be also attached to the Protective Order ("Undertaking");

3. Employees and service vendors of such counsel (including outside copying and litigation support services) who are actively assisting such counsel in the preparation of the Litigation, provided that they have signed and served a copy of the Undertaking;

4. Court reporters, if incident to their taking of testimony in the Litigation;

5. Officers, directors, employees, agents and representatives of the parties provided that they have signed and served a copy of the Undertaking;

6. Experts, investigators or consultants assisting in the prosecution and/or defense of the Litigation provided that they have signed and served a copy of the Undertaking;

7. A person can view any document designated "Confidential" if he or she is the bonafide owner of such document. Proof of ownership must first be established before any viewing may take place, however.

8. Representatives of the insurance companies shall not have access to discovery that is designated Confidential -- Attorneys' Eyes Only" information with the exception that only those representatives of State Farm who have signed an Undertaking in this action shall have access to any such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" documentation that: (1) has been or is used in connection with settlement negotiations that the insurance company is participating in, or (2) is summarized or discussed in any status reports submitted by counsel for BTB and/or Bill Pardini in this action to any insurance company in

connection with the insurance company's role of monitoring this action, provided further that ALL information or documents identified as Confidential or Highly Confidential must be necessary and relevant for State Farm to assess potential settlement in this action AND does not, in any manner, relate to the allegations by State Farm in its Declaratory Relief Action against BTB, Inc.  It shall be the absolute prerogative of Cumis counsel for BTB to determine which information or documents may be disclosed to State Farm, subject to the Court's plenary power to afford any party or interested entity appropriate relief.

      C.    A producing party may designate as "Highly Confidential -- Attorneys' Eyes Only" any Discovery Information it produces or discloses that consists of any of the following: (1) source code, (2) the identities of customers that the producing party believes in good faith are not known to the opposing party, or (3) financial information (such as financial statements, projections and/or business planning documents that include financial projections); or (4) trade secret information, however stored.  Any Attorney reviewing "Highly Confidential" information may share such information with an expert (subject to the Undertaking) for the purposes of analyzing such information and advising the Attorney, but the Attorney may not, under any circumstances, disclose the contents of such Discovery with his client (s) until the time such expert testifies at trial, in closed session of the court. With regard to "Highly Confidential -- Attorneys Eyes Only"  financial information produced by CBC, Bill Pardini is entitled to review, without restriction, any information produced by CBC in this litigation, as well as all other documents that a hypothetical 40% shareholder may view under California law.   However, he is nevertheless required to sign the Undertaking, and abide by the restrictions in distribution of said confidential information as set forth in the Court's Order.

D. Except with the prior written consent of the party or the person asserting such "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" treatment or the prior Order of a Court, Discovery Information designated "Confidential" Discovery Information or "Highly Confidential -- Attorneys' Eyes Only" and the information contained therein may not be disclosed to any person other than:

1. The Court and court personnel in which this case is pending;

2. Counsel for the respective parties, provided that they have signed and served a copy of the Undertaking;

3. Employees of such counsel who are actively assisting such counsel in the preparation of the Litigation, provided that they have signed and served a copy of the Undertaking;

4. Court reporters, if incident to their taking of testimony in the Litigation; and,

5. Experts, investigators, consultants or any other person assisting in the prosecution and/or defense of the Litigation, provided that they have signed and served a copy of the Undertaking.

E. Any "Highly Confidential -- Attorneys' Eyes Only" source code produced in this litigation shall be made available for inspection only (but not copying nor reproduction in any manner whatsoever) and use by counsel and/or experts for the opposing party during regular business hours. Such inspection shall take place at the offices of counsel for the producing party or at such other time and place as shall be mutually agreed in writing by counsel for the parties.  The parties will not be required to produce copies of their source code other than by such inspection. except that Data Consultants has the right to apply to the Court for the appointment of an independent third party computer expert to inspect the computer systems,

backup drives and other means of media storage (in the broadest possible sense) of CBC, its agents, employees and representatives in order to determine whether or not Data Consultants' trade secrets or copyrighted material(s) are being, or have been, used in any manner whatsoever.

### III. USE OF CONFIDENTIAL DISCOVERY INFORMATION.

A. Parties filing motions that include any documents marked "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" can file papers requesting that the document be placed under seal as permitted under the local rules. If a party files a motion that includes any documents that the opposing party has marked "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" they shall file a motion to place the document under seal and request that the opposing counsel, in its response to that motion, present the reasons that its designated document should be filed under seal. Any person claiming information (in the broadest possible sense) is Confidential or Highly Confidential must have a good faith belief that such information is, in fact, Confidential or Highly Confidential, and have conducted a reasonable investigation to determine its confidentiality. Violation of this provision will subject the violating person(s) to Rule 11 Sanctions.

B. No person receiving Confidential Discovery Information shall disclose it or its contents to any person other than in accordance with Section 2 above, and then may only disclose such Discovery Information for the purposes of the Litigation, and in no event shall such person, or anyone acting in concert with such person, make any other use of such Discovery Information. In the case of disclosure to the persons described in Section 2, subsections (b)(6), (7) and (8), each such person shall be required to sign the Undertaking, verifying that he/she has read and understood this Agreed Protective Order, and that he/she agrees to comply with and be bound by its

1  terms and be subject to the jurisdiction and contempt powers of this Court
2  for breach of the Agreed Protective Order or Undertaking.  The attorneys for
3  the respective litigants shall maintain a file of undertakings executed by each
4  such person, and shall further maintain records of the name, address and
5  telephone numbers of all persons who intend to receive any part or all of the
6  protected information in any form whatsoever, and the date thereof.  Before
7  anyone is given access to the confidential information, their signed
8  Undertaking shall be served on opposing counsel and counsel will have ten
9  business days from the date of service of the Undertaking to object and, if
10 the objections are not resolved, shall file a motion with the Court for a
11 protective order within 21 days of that date of service, or any objections shall
12 be deemed waived.  This 21 day deadline for filing a motion for a protective
13 order can be modified by written stipulation of the parties filed with the Court.
14 However, prior to resolution (by agreement of counsel or court ruling) of any
15 person's right to review Confidential Discovery Information, said Confidential
16 Discovery Information shall remain confidential and shall not be disclosed to
17 the proposed viewer.
18      C.    If the contents of a document marked "Confidential" or "Highly
19 Confidential -- Attorneys' Eyes Only" are incorporated into any other
20 document or exhibit, such additional document or exhibit shall be treated in
21 the same manner as the "Confidential" or "Highly Confidential – Attorneys'
22 Eyes Only" information to the extent it contains Confidential or Highly
23 Confidential information, as provided herein.
24 **IV.   <u>METHOD OF MARKING.  DISCOVERY INFORMATION PRODUCED</u>**
25 **<u>OR DISCLOSED HEREIN SHALL BE DESIGNATED AS</u>**
26 **<u>CONFIDENTIAL OR HIGHLY CONFIDENTIAL -- ATTORNEYS EYES</u>**
27 **<u>ONLY IN THE FOLLOWING MANNER</u>**
28      A.    All documents which a producing party wishes to designate as

STONE | ROSENBLATT | CHA
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET, MAIN PLAZA – SUITE 200
WOODLAND HILLS, CALIFORNIA 91367

"Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall be clearly stamped or otherwise marked on at least the first page thereof (if the same can be done without interfering with the legibility thereof and, if not, on the first such page permitting) with the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY", in capital letters, with a clear notation of the number of the total pages deemed confidential.

B. Documents shall be marked before copies of the Document are made and provided to the requesting party, provided the inspecting party has signed an undertaking. This Section is subject to Section 8, dealing with inadvertent disclosure.

C. Testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by oral statement on the record or by a separate written notice giving page and line references within thirty (30) days of receipt of the transcript that the testimony is designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.

D. Any document or testimony designated and thereby marked as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, interrogatory answers or document production) or in any motions, pleadings, affidavits, briefs or other Discovery Information submitted to this Court, shall, unless otherwise agreed by the parties, be subject to this Order and shall be filed with a request that the Court put the filed documents under seal. Pending resolution of the request to file under seal, the Clerk shall maintain under seal such Discovery Information designated and marked "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" and submitted to the Court, to be made available by the Clerk only to the Court and to counsel for the parties in these proceedings until further Order of this Court.

## V. REMOVAL OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DESIGNATION

If, at any time, a party objects to the designation of information or documents as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" under this Protective Order, the objecting party shall notify the designating party in writing.  The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection.  Within fifteen (15) calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences.  Within thirty (30) calendar days of the receipt of such notice, the objecting party may apply for a ruling, by the court, on the continued designation of the information as Confidential Discovery Information or Highly Confidential – Attorneys' Eyes Only Discovery Information.  The information or document shall be maintained as Confidential or Highly Confidential – Attorneys' Eyes Only  information until the Court rules otherwise.

## VI. DEPOSITION PROCEDURES

All depositions taken by any party shall be taken without any person in attendance other than the deposition reporter, an authorized videographer, the deposition witness, counsel for the witness, the parties' attorneys, the named party (if an individual) and one (1) corporate designee (if a corporation) .

A. Before any document designated as Confidential is used in a deposition, the counsel who intends to use the document must first exhibit it to all other counsel present; any counsel present may then require that only the witness, and those entitled to access to Discovery Information designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information and parties, if any are present at such deposition, may remain in

the deposition room while the Discovery Information is being used.  No counsel or other person who has not duly executed and served an Undertaking may view or be privy to any document or information designated "Confidential."

   B. Before any deposition questions are posed which may inquire into "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, the examining counsel shall so advise those present at the deposition, and any counsel present may then require that only the witness (and the witness' own separate counsel, if any) and those entitled to view Confidential Discovery Information, as herein provided, may remain in the deposition room while examination on such Confidential information proceeds.

   C. The reporter shall expressly agree that no copies of the parts of the deposition involving Confidential Discovery Information or Highly Confidential – Attorneys' Eyes Only Discovery Information and no exhibits which are "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall be made for, delivered, or made available to any person except counsel of record for the parties (who have executed the Undertaking), the Court and the deposition witness (and the witness' counsel, both of whom must have executed the Undertaking) and shall further expressly agree to maintain a record of the name and address of each person to whom copies are delivered.

   D. All testimony taken as to "Confidential" Discovery Information or "Highly Confidential – Attorneys Eyes Only "Discovery Information, if filed with the Court, shall be filed with a motion to seal, and shall not be disclosed except in accordance with this Order.

///

///

STIPULATION FOR PROTECTIVE ORDER

10cv01202.ProtectiveOrder.doc

## VII. **PRIVILEGED DOCUMENTS**

This Agreed Protective Order shall not alter the attorney/client privilege or any other legal privilege that protects against the discovery of confidential, proprietary or sensitive information appropriate for protective order; provided, however, the attorney work product privilege is hereby modified to the extent that any counsel who creates a memoranda (in any form) or electronic copy which contains any portion of "Confidential" Discovery Information or document shall be subject to this Order and Undertaking. At the conclusion of the litigation, the attorney who created such memoranda or electronic copy containing "Confidential" Discovery Information or document may redact his/her personal contributions, leaving intact the copied "Confidential" Discovery Information or document for return to the producing party and then destroying all such memoranda or electronic copies under his possession or control, as set forth below.

## VIII. **INADVERTENT DISCLOSURE**

In the event of inadvertent production or disclosure of any Discovery Information which the producing party believes should have been marked "Confidential" Discovery Information or "Highly Confidential – Attorneys Eyes Only" Discovery Information, the producing party may, upon reasonable discovery of such inadvertent disclosure or production, request the marking of any such Discovery Information as ""Confidential" or "Highly Confidential – Attorneys Eyes Only" , subject to the Federal Rules of Evidence, Rule 502, and thereafter such Discovery Information and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Information.   The procedure set forth in Section 5 governs any objection of the non-producing party to producing party's request to mark any such Discovery Information as Confidential.

## IX. OBJECTIONS AND RIGHTS RESERVED

This Protective Order shall not prejudice the right of or prevent any party from:

    A.    Legally objecting to the production of any Discovery Information;

    B.    Objecting to the offer or introduction of any Discovery Information into evidence on any legal ground at the time such Discovery Information is offered; or

    C.    Seeking additional protection from the Court concerning any Discovery Information.

## X. MODIFICATION

Any party may apply to the Court following reasonable efforts to reach agreement with the other party, on reasonable notice to the other parties, for relief or modification of any provision of this Agreed Protective Order.

## XI. RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION

Within thirty (30) calendar days of final termination of this action, a party which has received Discovery Information designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Information must, upon request of the producing party, return the "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information, including any copies or memoranda (in any form) which contain any portion of Confidential Information or document, to the producing party.  In the event memoranda of Confidential Information or documents have been stored electronically, the party who created such memoranda shall certify, in writing, the destruction of same and provide a complete description of the destroyed memoranda to the producing party.  Each party, however, shall be permitted to retain copies of court filings containing such documents, deposition transcripts and its entire respective work product (except as otherwise provided herein), which shall continue to be subject to the provisions of this Agreed Protective

Order.

## XII. <u>SUBPOENA FROM NON-PARTY</u>

If a party in possession of Discovery Information designated "Confidential" obtained from a party receives a subpoena from a non-party to this action seeking production or other disclosure of such information, it shall immediately give written notice to the party that designated the material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only", specifying the Discovery Information sought and enclosing a copy of the subpoena or other form of compulsory process.  Production or disclosure of such Discovery Information shall not be made absent consent of the producing party or Court order.

DATED:  February 2, 2011

**STONE | ROSENBLATT | CHA**
**A Professional Law Corporation**

By: _____/s/_____
     Kristi W. Dean
     Leslie A. Blozan
     Amy W. Lewis
     Attorneys for Plaintiff and Cross Defendant, CREDIT BUREAU CONNECTION, INC., a California Corporation and Cross Defendant Darin Larsen

DATED: February 2, 2011

**COLEMAN & HOROWITT, LLP**

By: /s/
Darryl J. Horowitt
Rema Koligian
Amy W. Lewis
Attorneys for Plaintiff and Cross Defendant, CREDIT BUREAU CONNECTION, INC., a California Corporation and Cross Defendant Darin Larsen

DATED: February 2, 2011

**LAW OFFICES OF DAVID A. MAKMAN**

By: /s/
David A. Makman
Attorneys for Defendant, WILLIAM PARDINI and B.T.B. Inc. dba DATA CONSULTANTS

DATED: February 2, 2011

**PENNER & BRADLEY**

By: /s/
Randall Mark Penner
Attorneys for Defendant, WILLIAM PARDINI and B.T.B. Inc. dba DATA CONSULTANTS

IT IS SO ORDERED.

Dated: **February 8, 2011**        /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE