# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT BUREAU CONNECTION, INC.,<br>Plaintiff,<br>vs.<br>WILLIAM PARDINI, et al.,<br>Defendants | Case No.: 10cv1202 DLB<br><br>ORDER REGARDING DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENTS AND JUDGMENT<br>(Doc. 116) |

Defendants William Pardini, an individual, and B.T.B., Inc., a California corporation dba Data Consultants, filed the instant motion to enforce the settlement against Plaintiff Credit Bureau Connection, Inc. and Darin Larsen. The matter was heard on September 6, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. David Alan Makman appeared on behalf of Defendants William Pardini and Data Consultants ("Defendants"). John Tamborelli appeared on behalf of Plaintiff Credit Bureau Connection, Inc.

**INTRODUCTION**

Plaintiff Credit Bureau Connection, Inc. ("CBC") initiated this copyright infringement action on July 1, 2010, against Defendants William Pardini and Data Consultants. CBC claimed that its shareholder, William Pardini, breached his duty of loyalty to CBC by wrongfully

appropriating assets to his own company, Data Consultants, and by blocking CBC from accessing its copyrighted software program known as eF&I Complete.

CBC sought a temporary restraining order ("TRO") and preliminary injunction enjoining Defendants from, among other things, preventing CBC from utilizing its eF&I Complete software. On July 12, 2010, the Court granted the TRO, finding that CBC established a likelihood of success on some of its claims. Following Defendants' request for reconsideration, the Court issued a modified preliminary injunction.

On August 31, 2010, Defendants filed an answer, along with a counterclaim against CBC and Darin Larsen, a part owner of CBC. Defendants' counterclaim included causes of action for declaratory judgment of copyright ownership, trade secret misappropriation and unfair business practices. CBC and Darin Larsen filed an answer to the counterclaim on October 5, 2010.

Following multiple settlement conferences, the parties settled their dispute. To that end, they executed a Memorandum of Understanding ("MOU") dated May 18, 2011, and they amended the MOU by addendum dated October 3, 2011 (collectively "settlement agreements").

On January 24, 2012, pursuant to the parties' stipulation, the Court entered judgment stating that Data Consultants is the author and sole owner of the copyright to the eF&I portion of the software, which was the subject of the complaint and counterclaim.

On July 17, 2012, Defendants filed a motion to enforce the settlement agreements and judgment. Defendants claim that CBC has kept copies of Data Consultants' copyrighted and trade secret eF&I software source code, which Defendants argue is an intentional breach of warranty and a violation of the judgment and settlement agreements between the parties. As a remedy, Defendants believe that termination of the licensing agreement between the parties is appropriate.

On August 6, 2012, CBC filed an opposition to the motion, along with a declaration from Darin Larsen. CBC asserts that it did not materially breach the agreement by Mr. Larsen

reportedly forgetting about a copy of the eF&I source code as part of multiple files in a compressed zip file on a lap top computer, and by not providing a June 2010 memory stick containing a backup copy of the eF&I source code.

On August 22, 2012, Defendants filed their reply, asserting that CBC made undisclosed copies of the code and concealed its copying until it was caught. Defendants also filed objections to the Declaration of Mr. Larsen.[1]

On September 4, 2012, CBC submitted objections and two supplemental declarations in support of their opposition.

## DISCUSSION

### A. Summary of Arguments

#### 1. Defendants' Assertions

As part of the settlement agreements, CBC was required to confirm that it did not have any copies of the source code through written declarations from Darin Larsen and Mike Green, principals of CBC, along with Frank Larsen, CBC's software developer. Through these declarations, CBC admitted to copying the software on June 21, 2010, and represented that only one copy of the source code was ever made, and that this copy was put onto the June 2010 memory stick. According to the October 2011 addendum, CBC was required to provide the June 2010 memory stick (portable flash drive) used to copy the source code.

To ensure that there were no other copies, the settlement agreements provided that Data Consultants could conduct an inspection of CBC's computers and servers within one year. On May 8, 2012, Data Consultants retained a computer consultant, Carl Hage, to conduct the inspection of computers and servers at CBC's offices. During this inspection, Mr. Hage located a computer file on Darin Larsen's lap top computer (under his desk), which contained a complete copy of Data Consultants' source code for the eF&I software. The directory containing this file

[1] Unless otherwise noted, the parties' objections to declarations are OVERRULED.

was: C\Users\Darin.CBC\Documents\Work\CBC Docs to attorney\New Docs provided for Rule 26 Disclosure. This directory was created on January 6, 2011 at 4:22 p.m., and was last modified on July 11, 2011 at 4:26 p.m. Declaration of Carl Hage ("Hage Dec.") ¶ 9. Mr. Hage erased the file.

When confronted about the file, CBC reportedly claimed that Darin Larsen forgot about the copy that was made for initial disclosures in this case and that the omission was "inadvertent." Data Consultants believes that the inadvertency argument does not explain why the directory containing this file was "modified" on July 11, 2011, which suggests that someone at CBC accessed the source code on that date. Hage Dec. ¶ 10.

After discovery of the file, Data Consultants asked Mr. Hage to use the portable flash drive provided by CBC pursuant to the settlement agreements to see if the source code on the lap top was made from the portable drive used in June 2010 to store a copy of the source code. Mr. Hage determined that the vendor supplied software for the portable drive was loaded on October 6, 2010. Hage Dec. ¶¶ 17-18. Thus, the portable drive could not have been used on June 21, 2010 to copy Data Consultants' source code.

Data Consultants argues that CBC breached the settlement agreements and its warranties by (1) failing to provide the June 2010 flash drive; (2) submitting false declarations regarding copies of the source code; (3) failing to disclose all copies of the source code; and (4) willfully infringing Data Consultants' copyright by making undisclosed and unauthorized copies of the source code. Data Consultants also notes that despite CBC's license to the eF&I software, they have not signed up a single new customer.

As remedies, Data Consultants requests the following: (1) production of the June 2010 flash drive; (2) the right to inspect CBC's computers in the future; (3) termination of CBC's license to the eF&I software; (4) payment of the costs for Mr. Hage's inspection and for attorneys' fees; (5) sanctions in an amount up to $150,000 for breach of the settlement agreement

and for willful copyright infringement;[2] and (6) an injunction preventing CBC from possessing the source code.

**2. CBC's Opposition**

CBC contends that it did not materially breach the settlement agreements because the original eF&I source code files were provided on a Kingston memory stick in October 2011 and the "forgotten inadvertent copy of the eF&I source code contained in the compressed Zip file on a standalone lap top also was obtained by Data Consultants. Declaration of Darin Larsen ("Larsen Dec.") ¶¶ 12-13, 15.

Zip File

CBC asserts that Darin Larsen did not knowingly retain a copy of the eF&I source code after the settlement. Larsen Dec. ¶¶ 7-10. Rather, he had forgotten about the compressed zip file and did not remember that a copy of the June 2010 eF&I source code was contained in this file. CBC indicates that Mr. Hage confirms that the forgotten compressed zip file and the eF&I source code are the exact same unmodified and unaltered eF&I source code provided to defendants and the exact same unmodified and unaltered eF&I source code dating back to the original June 2010 memory stick.

Memory Stick

CBC explains that it did not breach the agreement by failing to provide the original memory stick. Darin Larsen admits that he downloaded a backup of the eF&I source code in June 2010 and stored it to a USB memory stick. He also saved several other confidential files and documents to the same memory stick. Larsen Dec. ¶ 11.

---

[2] Data Consultants asserts that the Copyright Act provides that a copyright owner may elect to recover statutory damages for all infringements of the same work, which shall not be less than $750 or more than $30,000. 17 U.S.C. § 504(a),(c). Data Consultants believes the infringement was willful, supporting an award of statutory damages at the maximum $150,000 amount. *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1237 (E.D. Cal. 2008). Alternatively, Data Consultants asserts that punitive damages may be awarded where there is a finding of fraud.

On October 3, 2011, Darin Larsen received an email from his former counsel stating that CBC would provide copies of the source code on the flash drive. A few days before October 24, 2011, Darin Larsen began to prepare the eF&I source code backup copy on the June 2010 memory stick. Before he could produce it, he had to delete the privileged and protected confidential files also contained on the memory stick that were used as part of CBC's litigation. During this deletion process, he received data errors writing to the memory stick. Rather than trying to continue deleting the unnecessary files, he transferred ("not copied and pasted") the eF&I source code from the June 2010 memory stick to a clean memory stick. He threw away the June 2010 memory stick and provided the new stick to his counsel. Larsen Dec. ¶¶ 12-13.

CBC asserts that the eF&I source code data transferred to the October 2010 Kingston memory stick is the same unaltered and unaccessed eF&I source code file that Darin Larsen copied in June 2010. CBC contends that there has been no access to the source code at any time, that Data Consultants received the actual source code from the June 2010 memory stick and that there are no other copies. Larsen Dec. ¶ 15.

CBC believes that the failure to sign up new customers under the license agreement is irrelevant. CBC also asserts that it has been prevented from sublicensing the software because of Data Consultants' lack of cooperation, along with its poor customer support, software bugs and other agreement breaches. CBC states that there are at least 9 separate breaches of the agreement by Data Consultant that have not been cured, including: (1) failing to provide CBC with notice of all the eF&I software changes that impact customer functionality; (2) failing to separate the eF&I forms databases into three sets; (3) failing to report to CBC of the available forms in the database; (4) failing to provide CBC with "any reporting of forms that CBC has paid for that have been subsequently provided to Defendant customers and eligible for 50% cost reimbursement"; (5) failing to enable CBC access to enable/disable customer eF&I forms; (6) failing to provide CBC customers with comparable support: (7) failing to keep eF&I product

functionality current, causing 4 of 5 CBC's new subscribers to cancel; (8) charging CBC for bug fixes and form corrections where bugs in critical forms caused at least one customer to cancel; and (9) overcharging CBC for customer forms.

Additionally, CBC believes that Data Consultants has interfered with business agreements between CBC and its customers, has copied CBC's website source code and has gained unauthorized access to CBC's confidential customer billing data.

CBC argues that there was no material breach of the settlement agreements or license agreement to justify rescission of CBC's license to use the eF&I software. CBC claims as follows: (1) that it did not copy, use or distribute the eF&I source code after execution of the settlement agreements; (2) CBC cured the alleged breaches after notice by allowing Mr. Hage to delete the zip file; (3) the cure was completed within a reasonable time after execution of the settlement agreements; and (4) the alleged breaches are not material as they do not defeat the object of the settlement agreements. CBC believes that sanctions, inspections and penalties are not justified.

**3. Data Consultants' Reply**

Data Consultants replies that termination of the license is appropriate because CBC's breaches go to the very essence of the contract and they defeat the very object of settlement. In particular, Data Consultants contends that Larsen falsely declared there was absolutely no copying of the source code, but he clearly made multiple copies of the code, including the zipped copy made in January 2011 and the copy made to the memory stick in October 2011. Data Consultants takes issue with Larsen's failure to provide the original memory stick or to inform Data Consultants or his own counsel that he did not provide the original stick.

Data Consultants also takes issue with Larsen's claim that he transferred the zip file and source code to the new memory stick in October 2011. According to Data Consultants, the evidence demonstrates that these items were already on the stick in January 2011. Reply

Declaration of Carl Hage ("Hage Reply Dec.") ¶¶ 6-8. Data Consultants further argues that Larsen's July 2011 declaration that CBC only made one copy of eF&I source code was false, constituting a breach of warrantee.

Data Consultants believes that Larsen has a history of dishonesty in this proceeding, citing three purported examples. First, Larsen claimed he created and developed the software with CBC employees, but all of the engineers, including Larsen, had employment agreements with Data Consultants assigning the copyright in their work product to Data Consultants. Second, Larsen forced the parties to negotiate a license agreement, which was a waste of time and resources if CBC was not going to deliver on its promise to market the software nationwide. Third, before separating from Data Consultants, Larsen promised not to hire away any of Data Consultants' employees, but Larsen has built his company by hiring away Data Consultants' employees.

Data Consultants further argues that CBC has not offered reasonable excuses, has mischaracterized the testimony of Carl Hage and has not cured its breaches because it has not provided the June 2010 memory stick.

**B. Analysis**

At the heart of this dispute is whether CBC breached the settlement agreements by: (1) failing to provide the original June 2010 memory stick; and (2) failing to disclose a zipped copy of the source code.[3]

Enforcement of settlement agreements is governed by the law of the forum state. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Under California law, settlement agreements are governed by general principles of contract law. *See, e.g. Folsom v. Butte County Ass'n. of Gov'ts*, 32 Cal.3d 668, 677, 186 Cal.Rptr. 589, 652 P.2d

[3] The Court's continuing jurisdiction is limited to enforcement of the settlement agreements. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1995). If the parties wish to allege new copyright violations or other violations unrelated to enforcement of the settlement agreements, they should file a new claim. Accordingly, Defendants' motion is denied to the extent that it seeks relief beyond enforcement of the settlement agreements.

437 (Cal. Sup. Ct. 1982). Accordingly, to be entitled to relief, Defendants must demonstrate that CBC breached the settlement agreements and Defendants suffered damages as a result of the breach. *See CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008) (identifying elements of breach contract claim).

In relevant part, the settlement agreements required that CBC submit declarations identifying any copies of the source code and that CBC provide the portable flash drive that was used on June 21, 2010 to copy the source code. Doc. 107. CBC breached these particular terms of the settlement agreements by (1) failing to identify the zipped copy of the source code on Mr. Larsen's lap top computer in its declarations and (2) failing to provide the original June 21, 2010 flash drive. However, Defendants have not presented evidence to demonstrate that CBC's failure to disclose the zipped copy was other than inadvertent or to demonstrate that Mr. Larsen did not destroy the original June 2010 memory stick/flash drive.

Furthermore, the settlement agreements permitted CBC a reasonable opportunity to cure any breach. Doc. 107. As to the two purported breaches at issue, CBC allowed Mr. Hage to permanently delete the zipped file on the lap top computer and CBC turned over the only available flash drive/memory stick containing a copy of the source code. Thus, to the extent possible, CBC has submitted evidence of cure. Given such evidence, Defendants have not sufficiently demonstrated that they suffered any damages resulting from the purported breaches.

Insofar as Defendants seek termination of CBC's license agreement, the purported breaches do not support such a remedy. "A breach will justify rescission of a licensing agreement only when it is of so material and substantial a nature that it affects the very essence of the contract and serves to defeat the object of the parties. . . . The breach must constitute a total failure in the performance of the contract." *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 586 (9th Cir. 1993) (internal quotations and citations omitted). As a practical matter, the settlement agreements primarily prohibited CBC from accessing, copying, appropriating, distributing or using the eF&I

portion of the source code. Doc. 107. Defendants have presented no evidence suggesting that CBC materially breached the settlement agreements by engaging in any of the prohibited acts since the parties entered the October 3, 2011 Addendum to MOU, which resolved all contested issues, or since the Court entered judgment in January 2012. Docs. 107 and 108. Rather, the only purported "copy" of the source code made after the addendum, i.e., the transfer to the October 2010 memory stick in October 2011, was done in an effort to comply with the settlement agreements. Following a thorough inspection by Defendants' own expert, there is no evidence that CBC otherwise accessed, copied, appropriated, used or otherwise distributed the eF&I portion of the source code after execution of the settlement agreements.

**CONCLUSION AND ORDER**

For the reasons stated, Defendants' motion to enforce the parties' settlement agreements and enforce the judgment is DENIED.

IT IS SO ORDERED.

Dated: **November 5, 2012**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE